IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ANYEL TORRES,**
as parent and Guardian of A.G.
a minor child**,**

      Plaintiff,

v.                                                                    12cv18 MV/RHS

**UNITED STATES OF AMERICA,**

      Defendant.

## REPORT AND RECOMMENDATION
## REGARDING THE DEPOSITION OF A.G.

THIS MATTER comes before the Court on the Order of Reference (Doc. 75) requesting that the undersigned "recommend to the District Court an ultimate disposition with regard to the deposition and testimony of A.G." The Court held a hearing on November 19, 2013 regarding Plaintiff's Motion for Protective Order Regarding the Deposition of A.G. and granted the protective order to the limited extent that no party may depose A.G. without and express and written order of the Court.  Based on the arguments presented at the November 19 hearing and in the written motions, the undersigned recommends that the deposition of A.G. be taken under the following circumstances:

1. The deposition may be scheduled with thirty (30) days' notice.  The deposition may not be taken until after January 1, 2014 and shall not take place on a day which causes A.G. to miss school or any scheduled doctor's appointment.  The Court reserves jurisdiction to set a deposition date in the event that counsel cannot agree.

2. The deposition must be taken at the office of Kimberly Brogden in Goldsboro, North Carolina.

3. Twenty (20) days prior to the taking of the deposition, counsel for Defendant shall submit

to counsel for Plaintiff a written list of questions to be asked of A.G. These questions may not be leading or compound. If there are objections to the questions, the Court shall be notified immediately and a ruling on the objections will be rendered prior to the deposition. At the deposition, no oral objections may be posed in the presence of A.G.

4. All the questions posed shall be factual in nature and shall be asked in a neutral, non-argumentative manner and tone.

5. The time for direct examination during the deposition shall not exceed sixty (60) minutes.

6. A.G.'s mother may personally attend the deposition but cannot sit in A.G.'s direct line of sight such that A.G. can see her during his responses.

7. Kimberly Brogden may personally attend but may not participate, interrupt or otherwise influence the proceedings.

All of the foregoing are necessary and reasonable to protect A.G. from emotional trauma and harm. If counsel for the respective parties cannot agree as to whether the deposition will be video recorded and used at trial in lieu of A.G.'s live testimony at trial, then this issue shall be presented to and decided by the trial court prior to the scheduling of the deposition.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE