IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANYEL TORRES, as parent and
guardian to A.G., a minor child,

       Plaintiff,

vs.

                    No. 12-CV-0018 MV-RHS

THE UNITED STATES OF AMERICA,

       Defendant.

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION REGARDING THE DEPOSITION OF A.G.

**THIS MATTER** is before the Court on Defendant the United States of America's

*Objections to Magistrate Judge's Report and Recommendation Regarding the Deposition of A.G.*

(Doc. 83) and *Motion for Leave to File Supplemental Objections* (Doc. 105).   For the reasons set

forth herein, the Court **DENIES** Defendant's *Motion for Leave to File Supplemental Objections*

(Doc. 105).   The Court **ADOPTS IN PART, REJECTS IN PART, AND MODIFIES IN**

**PART** the Magistrate Judge's *Report and Recommendation Regarding the Deposition of A.G.*

(Doc. 78) in full.

BACKGROUND

      Plaintiff filed this action pursuant to the Federal Tort Claims Act following allegations that

her minor son, A.G., was sexually assaulted by an older boy while attending summer camp on

Kirtland Air Force Base in Albuquerque, New Mexico.   At the time of the alleged incident, A.G.

was six years old; at present, he is nine or ten years old.[1]

On August 27, 2013, Plaintiff filed a *Motion for Protective Order Regarding the Deposition of A.G.* (Doc. 52.) In her motion, Plaintiff requested that the Court place various restrictions and limitations upon A.G.'s deposition. Plaintiff specifically requested that the Court: (1) impose a total time limit of 90 minutes; (2) order the deposition to take place in A.G.'s therapist's office; (3) allow A.G.'s mother and therapist to be present in the room during the deposition; and (4) videotape the deposition with cameras on both the child and all occupants of the room. On September 27, 2013, Defendant responded in opposition to Plaintiff's proposed limitations and restrictions on the deposition. (Doc. 61.)

Magistrate Judge Robert Hayes Scott held a hearing on this matter on November 19, 2013. On December 4, 2013, the Magistrate Judge issued a recommendation that the Court grant Plaintiff's motion and set forth seven specific recommendations for restricting A.G.'s deposition. (Doc. 78.) Defendant timely objected on December 16, 2013. (Doc. 83.) On March 11, 2014, prior to this Court's resolution of its objections, Defendant filed a *Motion for Leave to File Supplemental Objections* (Doc. 105), to which it attached its proposed motion. Plaintiff responded in opposition on March 21, 2014. (Doc. 109.)

## DISCUSSION

## I.     Motion for Leave to File Supplemental Objections

Defendant states that, following its filing of objections to the Magistrate Judge's report and recommendation, Defendant deposed a number of Plaintiff's witnesses. Defendant states that during these depositions Plaintiff's counsel violated Federal Rule of Civil Procedure 30 by posing

---

[1] The parties' references to A.G.'s age are inconsistent. The Court derives A.G.'s age from the Complaint, which alleges that the assault took place on August 10, 2010, at which time A.G. was six years old. (Doc. 1 at 2.)

objections in an argumentative manner and ultimately instructing a witness not to answer a question.   For this reason Defendant requests that the Court order A.G.'s deposition to take place in the Court's chambers to prevent Plaintiff's counsel from "effectively shut[ting] down A.G. . . . by arguing with the United States' attorney in the presence of the child."   (Doc. 105-1 at 3.)

The Court will not permit Defendant to supplement its objections because the Court will not consider ordering A.G.'s deposition to take place in the Court's chambers.   First, the Court is located in Santa Fe, New Mexico, and A.G. lives in North Carolina.   Second, it is not the Court's role to babysit the attorneys in this matter so that they do not violate the basic rules of discovery. Plaintiff's counsel is bound by the Federal Rules regardless of the location of the deposition, and the Court expects counsel to follow these rules.   And finally, the Magistrate Judge's proposed order specifically requires that Defendant's counsel pose all questions in a neutral, non-argumentative tone, and that Plaintiff's counsel make no objections in A.G.'s presence.   The Court is confident that counsel for both parties will abide by these unambiguous instructions and take care not to engage in abusive tactics to A.G.'s detriment.   The Court will not hesitate to impose sanctions should either party fail to abide by its order concerning the questioning of A.G.

## II.    Objections to Report and Recommendation

Defendants object to the following proposed conditions concerning the taking of A.G.'s deposition: (1) that the deposition occur in A.G.'s therapist's office; (2) that counsel for Defendant submit their proposed questions to counsel for Plaintiff twenty (20) days prior to the deposition; (3) that the time for direct examination of A.G. not exceed sixty (60) minutes; (4) that A.G.'s mother be permitted to attend the deposition, but that she sit out of A.G.'s line of vision; and (5) that A.G.'s therapist also be permitted to attend, but that she not participate in, interrupt, or otherwise influence the proceedings.

### A.   Applicable Law

#### 1.   Review of Magistrate Judge's Findings

This Court must make a de novo determination of the portions of a Magistrate Judge's proposed findings and recommended disposition to which either party timely objects.   28 U.S.C. § 636(b)(1).   After its de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   *Id.*

#### 2.   Protective Order Restricting Deposition

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"   Fed. R. Civ. P. 26(b)(1). This principle of broad and liberal discovery permits the parties "to learn as much as they can about each other's claims and defenses before trial."   *E.E.O.C. v. Roswell Radio, Inc.*, No. CIV 06-0253 JB/ALM, 2007 WL 2305521 at *2 (D.N.M. June 12, 2007) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).   Nevertheless, upon a showing of "good cause," the Court may enter a protective order restricting the discovery process to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   Fed. R. Civ. P. 26(c)(1).

### B.   Defendant's Argument

Defendant argues that the Magistrate Judge failed to properly balance the burden on A.G. of participating in the deposition against Defendant's interest in obtaining the discovery. Defendant cites a number of cases from other districts to support its argument that the Magistrate Judge's order is contrary to federal case law governing depositions of minor children.   Defendant further argues that the Magistrate Judge's recommendations will interfere with Defendant's ability to mount a defense to Plaintiff's claims.

4

C.    **Analysis**

In cases involving alleged sexual assaults of minors, courts must balance the defendant's interest in conducting discovery and preparing its defense against the need to protect the alleged child victim "from the psychological and emotional harm that may result from a deposition." *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994).   In the context of criminal trials, the Supreme Court has recognized that safeguarding a minor witness's well-being can be a compelling interest, depending on his "age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives."   *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.,* 457 U.S. 596, 607-08 (1982).

The Court has considered the cases cited by Defendant.   For the most part, the Court is not persuaded.   None of these cases purport to pronounce hard and fast rules governing the taking of depositions of minor children.   Rather, in each case, the court assessed the unique facts and circumstances, including the potential for inflicting trauma or distress upon the child whose deposition was sought, and tailored its order accordingly.   *See, e.g.*, *Hunt v. Green*, No. 03-CV-0585 JB/LFG, Doc. 58 (D.N.M. March 4, 2004) (denying motion to preclude entirely minors' depositions and imposing individualized "conditions designed to make the children as comfortable as possible" during depositions); *cf. Bucher*, 160 F.R.D. at 94 (permitting deposition of 15-year-old alleged victim of sexual assault with the following restrictions: (1) conducting deposition at child's sexual abuse treatment center; (2) permitting child's mother and therapist to attend deposition; (3) excluding alleged perpetrator from deposition site; and (4) permitting video recording of the proceeding).

In the instant case, the Magistrate Judge reached his recommendations after carefully analyzing the parties' arguments in support of their positions and balancing the conflicting

opinions of two individuals who possess expertise in the field of child psychology.   Defendant's

affiant, Dr. Samuel Roll, Ph.D., is an experienced clinical and forensic psychologist who has

interviewed over 400 minors in connection with litigation.   (Doc. 61-13 at 1.)   His role in the

instant litigation has been to advise counsel for Defendant how to take a child-centered deposition

and obtain reliable information; he opines that proper examination of a child witness allows the

child to experience empowerment, not trauma.   (*Id.* at 1-2.)   In response to Plaintiff's request for

specific limitations to be imposed on A.G.'s deposition, Dr. Roll opines that a number of

Plaintiff's requests would harm A.G. and the legal process.   (*See generally id.* at 2-3.)   He states

that holding the deposition in A.G.'s therapist's office would encourage A.G. to emulate his

therapy sessions by engaging in play and fantasy.   (*Id.* at 2.)   Dr. Roll further opines that the

presence of A.G.'s mother and therapist would cause the child to attempt to testify consistently

with the story he has told them, as opposed to the facts as they actually occurred.   (*Id.* at 2-3.)

Finally, Dr. Roll does not believe the deposition should arbitrarily be limited to one hour because it

will be impossible to predict how much time A.G. will need to feel comfortable talking about the

alleged assault.   (*Id.* at 3.)

A.G.'s therapist of two years, Kimberly C. Brogden, LCSW, submitted an affidavit

wherein she explains her concerns regarding A.G.'s deposition.   (Doc. 67-1.)   Primarily, Ms.

Brogden is concerned about the strong possibility that A.G. could suffer additional trauma as a

result of being interviewed about the alleged assault.   (*See id.* at 1-2.)   In light of her concerns,

she recommends that A.G.'s mother be permitted to attend the deposition and be seated directly

behind him so that A.G. will be comforted by his mother's presence but will not observe her facial

expressions or body language.   (*Id.* at 2.)   Ms. Brogden further recommends that she be permitted

to attend the deposition to support A.G. through any potential re-traumatization he experiences due

to the deposition, and because she believes he will speak more comfortably about the alleged

assault.   (*Id.*)   Ms. Brogden recommends the deposition be limited in duration,

noting that she has observed A.G. to shut down after 20 to 30 minutes of talking about the alleged

assault.   (*Id.* at 2-3.)   Finally, Ms. Brogden recommends that A.G. be able to see and visit the

place where the deposition is to be taken in advance of the deposition.   (*Id.* at 3.)

      In reviewing these experts' affidavits and counsel's related arguments, the Court observes

that Dr. Roll has never met A.G., whereas Ms. Brogden knows him well and has learned how to

make him feel as comfortable as possible discussing the alleged assault.   Dr. Roll's opinions,

while certainly rooted in a wealth of research and experience on the topic of taking children's

testimony, are not informed by any personal knowledge of A.G.   Moreover, it is evident from Ms.

Brogden's affidavit that she not only wishes to protect A.G. from experiencing unnecessary

trauma, but would like to create an atmosphere where he feels most comfortable speaking

truthfully about the alleged assault.

      The Court finds that the following recommendations of the Magistrate Judge appropriately

balance the concerns of protecting A.G. and permitting Defendant to engage in the discovery

process: (1) the recommendation concerning thirty (30) days' notice; (2) the recommendation as to

the location of the deposition; (3) the recommendation regarding the tone of the questioning; and

(4) the recommendations that A.G.'s mother and therapist be permitted to attend the deposition.

The requirements that the deposition take place in Ms. Brogden's office and in the presence of Ms.

Brogden and A.G.'s mother are necessary to minimize A.G.'s trauma and discomfort.   Moreover,

it is apparent from Ms. Brogden's affidavit that these requirements will facilitate the discovery

process and increase the likelihood that A.G. will provide truthful and complete testimony.

      With respect to the requirement that counsel submit their questions in advance,

Defendant's objection is well-taken.   While the Court certainly does not think that Plaintiff's counsel would willfully influence A.G.'s testimony, counsel's advance notice of the questions will make it nearly impossible not to unintentionally and/or indirectly impact the child's responses.   In light of the defense's efforts to consult with Dr. Roll, as well as the Court's order that questions be posed in a neutral, non-argumentative tone, the Court is confident that counsel for Defendant will not pose questions that will cause A.G. unnecessary trauma or hardship.   The Court admonishes counsel for Defendant not to take lightly the task of deposing a child regarding traumatic events, and to take full advantage of Dr. Roll's advice concerning how to take a child-centered deposition. Should counsel pose insensitive or traumatizing questions that cause A.G. to refuse to participate in the deposition, Defendant very well may be precluded from again deposing him.

With respect to the 60-minute time limitation recommended by the Magistrate Judge, a strict limitation is appropriate in light of Ms. Brogden's statement that A.G. tends to shut down after 20 to 30 minutes of discussing the alleged assault.   However, Defendant expresses a sound concern as to the parties' inability to predict how long A.G. will need to warm up before he may be questioned about the alleged assault.   Rather than impose a strict 60-minute limitation, the Court will limit only the substantive questioning of A.G.   The Court will not attempt to speculate as to how long A.G. will need to warm up before he begins responding to these substantive questions, and accordingly will not impose a time limit upon this portion of the deposition.   The Court will, however, limit defense counsel to 45 minutes of questioning concerning the alleged events underlying Plaintiff's claims and Defendant's defense of such claims, not including breaks. Substantive questioning that exceeds 45 minutes will not be likely to result in more complete, accurate or truthful testimony, and will be more likely to result in unnecessary and avoidable harm

8

to A.G.[2]

At risk of stating the obvious, the real issue with respect to A.G.'s deposition is that he is a young child who will be asked to testify as to an event that occurred in the summer of 2010, nearly four years ago.   This is nearly half of his lifetime.   Like in *Thompson v. British Airways*, No. CIV.A. 87-3352, 1988 WL 93119 (D.D.C. Aug. 25, 1988)—a case cited by Defendant—it is "extremely doubtful" that A.G. will recall the events in question.   *Id.* at *1.   To the extent that A.G.'s deposition results in little helpful information for Defendant, this will be due not to the limitations the Court imposes on the deposition, but rather to the circumstances inherent in questioning a nine- or ten-year-old boy about events that occurred when he was six.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Magistrate Judge's *Report and Recommendation Regarding the Deposition of A.G.* (Doc. 78) is **ADOPTED IN PART, REJECTED IN PART, AND MODIFIED IN PART**, as set forth herein.   Defendant's *Motion for Leave to File Supplemental Objections* (Doc. 105) is **DENIED**.

DATED this 15th day of May, 2014.

**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**

---

[2]  The Court encourages the parties to use their common sense to ascertain the point at which this 45-minute window begins, i.e. when defense counsel ceases to pose questions designed to make A.G. feel comfortable and begins to pose questions addressing the alleged assault.

*Attorneys for Plaintiff:*
F. Michael Hart
Kelly A. Stout
James Baiamonte

*Attorneys for Defendant:*
Rumaldo Armijo
Ruth Fuess Keegan